IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Lewis Eric Owens,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 1:16cv530 (TSE/TCB) |
| J. Spencer Morgan,<br>    Defendant. | )<br>)<br>) | |

MEMORANDUM OPINION

Lewis Eric Owens, a Virginia inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief. Plaintiff has applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against the defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.[1]

I.

Plaintiff alleges that his right to cruel and unusual punishment was violated when he was "deliberately brought back" from incarceration in South Carolina to Accomack County, Virginia

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

pursuant to the Interstate Agreement on Detainers Act ("IADA") on October 30, 2015. Plaintiff asserts that Accomack County Assistant Commonwealth's Attorney J. Spencer Morgan acted with "deliberate indifference" in demanding plaintiff's return after the IADA's 180-day limitations period had expired, and that as a result plaintiff is now housed in a facility where he must endure unconstitutional conditions of confinement that have resulted in deterioration of his health. Compl. §IV. The sole named defendant is Assistant Commonwealth's Attorney Morgan, and as relief plaintiff seeks an award of $200,000 in damages and injunctive relief "order[ing] defendant to comply with the" IADA. Compl. at §V.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

Plaintiff is not entitled to the relief he seeks because state prosecutors like the defendant are absolutely immune from suit under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under 42 U.S.C. § 1983 for those actions because of public policy considerations. Imbler, 424 U.S. at 410, 427. Public policy considerations include "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 403. The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974). As defendant Morgan had plaintiff transferred to Virginia in the course of pursuing a criminal prosecution against plaintiff, he enjoys absolute immunity from this § 1983 suit.

In addition, to the extent that plaintiff seeks injunctive relief to rectify what he characterizes as his unlawful return to Virginia pursuant to the IADA, his allegations are duplicative of those he made in an earlier lawsuit, Owens v. Commonwealth, Case No. 1:15cv1580 (TSE/MSN). In that case, plaintiff's complaint was dismissed for failure to state a claim because it was determined based on exhibits supplied by plaintiff that the detainer placed against him by Accomack County authorities was based on felony arrest warrants. Since "[c]ourts in Virginia have held that the IADA does not apply where a detainer is based on a felony arrest warrant," Brown v. Caldwell, 2014 WL 4540332 at *11 (W.D. Va. Sept. 11, 2014), plaintiff's contention that the IADA was violated by his return to Virginia was held to be without merit, and the complaint was dismissed pursuant to §1915A for failure to state claim. Accordingly, it would serve no purpose to allow plaintiff an opportunity to particularize and amend the instant complaint to name a defendant who might be amenable to suit for the relief he seeks, as his underlying theory of liability has been determined to be meritless.

### IV. Conclusion

For the foregoing reasons, the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief. Plaintiff's Motion for Leave to Proceed in forma pauperis will be denied, as moot. An appropriate Order and judgment shall issue.

Entered this 13th day of May 2016.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia